```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

STEVEN E. PHILLIPS and
MELISSA PHILLIPS                                          PLAINTIFFS

       v.        Civil No. 07-5003

J. JOHNSON CONSTRUCTION
COMPANY, INC., and JOHNNY
E. KIMBROUGH                                              DEFENDANTS

## O R D E R

Now on this 30th day of June, 2008, come on for consideration plaintiffs' **Application For Attorney's Fee And Costs And Affidavit** (document #29); defendants' **Objection To Plaintiff's Application For Attorney's Fees And Costs** (document #30); and defendants' **Motion To Strike Plaintiff's Reply To Defendants' Objection To Plaintiffs' Application For Attorney's Fee And Costs** (document #32), and from said motions, the supporting documentation, and the responses thereto, the Court finds and orders as follows:

    1.   This personal injury claim was settled by the parties, and an order was entered dismissing the matter with prejudice, subject to the terms of the settlement agreement. The order of dismissal provided that the Court would retain jurisdiction to enforce the settlement agreement.

    2.   Defendants moved the Court to enforce the settlement agreement, and that motion was denied by Order dated June 10, 2008. It that Order the Court held that plaintiffs were entitled to costs and attorney's fees incurred in connection with their response to the Motion To Enforce Settlement. Plaintiffs now move for $787.50 in attorney's fees, and $6.45 in costs.

3.   Defendants do not contest the amount of fees and costs claimed by plaintiffs, although they do attempt to reargue the issue of whether costs and fees should be awarded.  They contend that the fact the Court had to consider "at some length" the issues raised by the Motion To Enforce Settlement is "indicative of the uncertainty of whether Plaintiffs had fully complied with the settlement agreement."  The Court does not agree.  It was required to consider the matter at some length because the documents and the Oklahoma law involved were matters with which the Court was not familiar.  The parties were very familiar with both the documents and the Oklahoma law, having had all those matters before them for consideration well before the Motion To Enforce Settlement was filed.

Defendants also attempt to raise new substantive issues, an attempt the Court rejects.  The matter now before the Court is the appropriate amount of legal fees and costs to award in connection with a motion that was denied.  Defense counsel is experienced enough to know that if there are new issues that need consideration, they must be raised by way of a new motion.

4.   The Court finds the sums requested for attorney's fees and costs to be reasonable, and will award plaintiff $793.95 in attorney's fees and costs.

5.   In light of the foregoing, defendants' Motion To Strike will be denied.

**IT IS THEREFORE ORDERED** that plaintiffs' **Application For Attorney's Fee And Costs And Affidavit** (document #29) is **granted**, and plaintiffs are awarded Seven Hundred Ninety-Three and 95/100 Dollars

($793.95) in costs and attorney's fees, for which defendants are both jointly and severally liable.

**IT IS FURTHER ORDERED** that defendants' **Motion To Strike Plaintiff's Reply To Defendants' Objection To Plaintiffs' Application For Attorney's Fee And Costs** (document #32) is **denied**.

**IT IS SO ORDERED.**

                                           /s/ Jimm Larry Hendren
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**